**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| TILMAN DAVID HILL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:09-cv-393-LJM-JMS |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Commissioner's Motion to Dismiss**

Tilman Hill, Jr., is a claimant for Supplemental Security Income under Title XVI of the Social Security Act ("SSA"). The defendant in this action is the Commissioner of the Social Security Administration ("Commissioner").

The SSA provides a multi-step process for the administrative review and adjudication of disputed claims. *Schweiker v. Chilicky,* 487 U.S. 412, 424 (1988). Judicial review of final decisions on claims arising under Title II or Title XVI of the SSA is provided for in sections 205(g) and (h). 42 U.S.C. §§ 405(g) and (h). These provisions provide the exclusive remedy to challenge administrative determinations:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commission may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commission, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. §§ 405(g) and (h).

Based upon these provisions, the only civil action permitted on "any claim arising" under the Social Security Act is an action to review the "final decision of the Secretary [Commissioner] made after a hearing." *Califano v. Sanders,* 430 U.S. 99, 108 (1977). In order to obtain a final decision from the Secretary, a plaintiff must exhaust his administrative remedies by proceeding through all three stages of the administrative process and then seek judicial review of his claim. *See Bowen v. City of New York,* 476 U.S. 467, 482 (1986). As interpreted by the Supreme Court, this "final decision" requirement consists of two elements. The first element requires that a claim be filed with the Commissioner. The second element is that a claimant exhaust his administrative remedies before seeking judicial review. *Johnson v. Sullivan,* 922 F.2d 346, 352-53 (7th Cir. 1990). The administrative process consists of four steps: (1) initial determination, (2) reconsideration, (3) hearing before an Administrative Law Judge ("ALJ"), and (4) Appeals Council review. 20 C.F.R. § 404.900(a)(1-4).

The undisputed record here shows that a final decision has not been issued in Hill's claim for Supplemental Security Income. On the contrary, an ALJ issued a decision in September 2008. A request for review was submitted to the Appeals Council, which remanded the matter for an additional hearing. Based on Hill's filing of October 23, 2009, a hearing before an ALJ was expected to occur on October 29, 2009. The court has not been informed as to whether this most recently scheduled ALJ hearing was conducted and, if so, what decision was issued.

The upshot of this is, without doubt, that a "final decision" has not been issued by the SSA. In this circumstance, the court ordinarily lacks jurisdiction to proceed under § 405(g). The present circumstances validate the practical benefit of this rule, for just what would this court review–the remanded (and incomplete) ALJ's decision of September 2008, the Appeals Council's remand Order, or the yet-unissued (and unappealed) decision of the ALJ based on the hearing conducted on October 29, 2009?

There are, however, two exceptions to a district court's lack of jurisdiction. These exceptions occur when a claimant raises a colorable claim of unconstitutionality, *see Sanders,* 430 U.S. at 109; *Young v. Bowen,* 858 F.2d 951, 954 (4th Cir. 1988), and when the Commissioner, in denying a petition to reopen an earlier application, actually addresses the merits of the claim, thereby constructively reopening the prior application. *See McGowen v. Harris*, 666 F.2d 60, 65-66 (4th Cir. 1981). Because neither of these exceptions are triggered by Hill's complaint for judicial review, by his arguments, or by any of the documents or facts which have been presented to the court.

Based on the foregoing, therefore, the Commissioner's motion to dismiss (dkt 15) is **granted,** Hill's request for waiver (dkt 18) is **denied,** and this action is dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 12/09/2009

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana